UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| HAYLEY BOND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:23 CV 800 RWS |
| | ) | |
| CENTURY SUPPORT SERVS., LLC, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER OF TRANSFER

Plaintiff alleges that defendants violated the Credit Repair Organizations Act and committed the unauthorized practice of law after she hired them to settle her unsecured debt.  The debt settlement agreement entered into between the parties contains a forum selection clause which requires the agreement to be "construed in accordance with the laws of the state of Pennsylvania **by the state or federal courts in Pennsylvania** (excluding any conflicts of law provisions or principles)." ECF 7-2 at 5 (emphasis supplied).  Defendants seek to enforce the forum selection clause and ask me to either dismiss or transfer this case to the Western District of Pennsylvania for improper venue under Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. §

1404.[1]  Plaintiff does not address the forum selection clause in her opposition to

dismissal or oppose transfer to the Western District of Pennsylvania.  Accordingly,

I will enforce the parties' forum selection clause and transfer this action to

Pennsylvania.

28 U.S.C. § 1404 allows a court to transfer any civil action to any other

district or division where it might have been brought "for the convenience of

parties and witnesses, in the interest of justice."  *See* 28 U.S.C. § 1404(a).  The

United States Supreme Court has held that motions to transfer a case based upon

the parties' forum selection clause should be treated as a *forum non conveniens*

motion, not as a Rule 12(b)(3) motion.  *Atlantic Marine Const. Co., Inc. v. U.S.

Dist. Court for the Western Dist. Of Texas*, 571 U.S. 49, 61 (2013).  Defendants

contend that venue in this Court is improper based solely on the forum selection

clause.  Therefore, I will construe defendants' motion as one to transfer for *forum

non conveniens*, not for improper venue under Rule 12(b)(3).

In *Atlantic Marine,* the Court held that a "valid forum-selection clause

requires district courts to adjust their usual *[forum non conveniens]* analysis."  *Id.*

at 581 (cleaned up).  Because forum-selection clauses "represent the parties'

agreement as to the most proper forum," such clauses have controlling weight in

---

[1] The agreement also contains an arbitration provision which defendants seek to enforce.  That portion of the motion will be denied without prejudice to being reraised before the appropriate forum.

determining the proper forum, and the plaintiff assumes the burden of resisting transfer to the forum designated in the clause. *See id.* at 581–82 (cleaned up). Although the Supreme Court did not distinguish between different kinds of forum-selection clauses, the Eighth Circuit Court of Appeals recognizes both mandatory and permissive forum-selection clauses. *See Dunne v. Libbra,* 330 F.3d 1062, 1063 (8th Cir. 2003). "Mandatory forum-selection clauses require a case to be brought in an identified venue based on specific language indicating the parties' intent to make jurisdiction exclusive." *High Plains Const., Inc. v. Gay,* 831 F. Supp. 2d 1089, 1102 (S.D. Iowa 2011) (cleaned up).

Here, plaintiff does not dispute the mandatory nature of the forum-selection clause, which requires the agreement to be construed by Pennsylvania courts. The mandatory nature of the forum-selection clause is further underscored by the remaining language of paragraph, which requires the parties to arbitrate their disputes and provides that "any lawsuit seeking to confirm, enforce, enter judgment on or in aid of an arbitrator's award must be filed in the courts located within Allegheny County, Pennsylvania. The parties agree to submit to the personal jurisdiction of the state and federal courts located within Allegheny County, Pennsylvania for the purpose of litigating any such lawsuit." ECF 7-2 at 5.

Under *Atlantic Marine*, a forum-selection clause must be enforced unless
there are "exceptional factors" that warrant disregarding it.  *Id.* at 62.  And the
Eighth Circuit has made clear that "[f]orum selection clauses are prima facie valid
and are enforced unless they are unjust or unreasonable or invalid." *M.B.*
*Restaurants, Inc. v. CKE Restaurants, Inc.*, 183 F.3d 750, 752 (8th Cir. 1999).
"Where . . . the forum selection clause is the fruit of an arm's-length negotiation,
the party challenging the clause bears an especially 'heavy burden of proof' to
avoid its bargain." *Servewell Plumbing, LLC v. Fed. Ins. Co.*, 439 F.3d 786, 789
(8th Cir. 2006) (quoting *M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 17
(1972)).  "[O]nly 'some compelling and countervailing reason' will excuse
enforcement of a bargained-for forum selection clause." *Id.* (quoting *Bremen*, 407
U.S. at 12).

Although plaintiff makes several arguments about the unenforceability of the
arbitration provision in the agreement, she makes no such arguments regarding the
enforcement of the forum-selection clause.  In the absence of any argument to the
contrary from plaintiff, I conclude the forum-selection clause is mandatory and
enforceable.

For this reason, I "should not consider arguments about the parties' private
interests" when evaluating defendant's § 1404 motion and must instead "deem the
private-interest factors to weigh entirely in favor of the preselected forum." *Atl.*

*Marine*, 571 U.S. at 64.  "As a consequence, [I] may consider arguments about public-interest factors only."  *Id.*  Public-interest factors may include "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law."  *Id.* at 62 (cleaned up).  "Because those factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases."  *Id.* at 64.  No party made any arguments about whether the public interest favors transfer.  However, given that the agreement requires the application of Pennsylvania law without regard to choice of law principles I conclude that the public-interest factors in this case are in accord with the strong presumption in favor of transfer.

I will grant defendants' motion to transfer this case to the Pittsburgh Division of the United States District Court for the Western District of Pennsylvania, which is located within Allegheny County, Pennsylvania.  The alternative motion to stay and compel arbitration will be denied without prejudice to being refiled once the case is transferred to the parties' chosen forum.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss or transfer for improper venue [6-2], construed as a motion to transfer for *forum non conveniens* under 28 U.S.C. § 1404(a), is granted, and this case is transferred to the

Pittsburgh Division of the United States District Court for the Western District of Pennsylvania.

    **IT IS FURTHER ORDERED** that defendants' motion to stay and compel arbitration [6-1] is denied without prejudice to being refiled after the case is transferred to the Pittsburgh Division of the United States District Court for the Western District of Pennsylvania.


                                   RODNEY W. SIPPEL
                                   UNITED STATES DISTRICT JUDGE

Dated this 16th day of August, 2023.